# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| CADE WALLMAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DOMINIC WIENEKE, d/b/a WARWOLF PRODUCTIONS, and ZEKE RICHTER,<br><br>　　　　Defendants. | Civil Case No.: 4:25-cv-4036-KES<br><br>**COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT; (2) VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. § 1202); AND (3) UNAUTHORIZED USE OF LIKENESS**<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Cade Wallman ("Wallman"), by and through his attorneys of record, Goosmann Law Firm, PLC, and hereby brings his causes of action against Defendant Dominic Wieneke, d/b/a Warwolf Productions ("Wieneke" or "Warwolf") and Defendant Zeke Richter ("Richter") (collectively, Wierneke/Warwolf and Richter are referred to as "Defendants"), for Copyright Infringement; Violations of the Digital Millenium Copyright Act (17 U.S.C. § 1202); and Unauthorized Use of Likeness. In support of the same, Plaintiff states and alleges as follows:

## JURISDICTION AND VENUE

(1)　This action is brought under the Copyright Act of 1976, which is found at 17 U.S.C. § 101 *et seq*.

(2)　This Court has original jurisdiction under 28 U.S.C. § 1331, as this case arises under the laws of the United States. Further, this Court has original jurisdiction under 28 U.S.C. § 1338(a) as this case arises from federal statutes related to copyrights.

(3) This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as those claims are so related to the claims for which this court has original jurisdiction that they form part of the same case or controversy

(4) Venue in his judicial district is proper under 28 USC § 1391(b)(1) as the Defendant resides in this judicial district and under 28 USC § 1391(b)(2), as a substantial part of the events giving rise to this claim occurred in this judicial district.

## PARTIES

(5) Plaintiff Cade Wallman ("Wallman") is an individual, residing at all relevant times in Sioux Falls, South Dakota.

(6) Upon information and belief, at all relevant times Dominic Wieneke ("Wieneke") was a resident of Sioux Falls, South Dakota.

(7) Defendant Wieneke registered the "DBA" of Warwolf Productions ("Warwolf") with the South Dakota Secretary of State on August 22, 2017, and provided and address of 601 S. Blaine Ave, Sioux Falls, South Dakota, at that time.

(8) Upon information and belief, at all relevant times Zeke Richter ("Richter") was a resident of Sioux Falls, South Dakota.

(9) Wieneke and Richter worked together on a videographic production known as "Last Stop: The Series", which is at issue in this suit.

## FACTUAL ALLEGATIONS

(10) Wallman is a camera operator and filmmaker.

(11) In approximately 2022, Wallman was approached by Richter, to film various scenes for a series that he was putting together with Wieneke d/b/a Warwolf, called "Last Stop: The Series" (referred to herein as the "Show" or "Last Stop").

(12) At no time did Wallman sign any contract or other agreement with Richter, Wieneke, or Warwolf in connection with the Last Stop.

    a. Wallman did not sign any contract or other agreement for Richter, Wieneke, or Warwolf to use footage filmed by Wallman.

    b. Wallman did not sign any contract or other agreement for Richter, Wieneke, or Warwolf to use footage containing Wallman's likeness.

    c. Wallman did not sign any contract or other agreement which would assign any rights in the footage to Richter, Wieneke, or Warwolf.

(13) At no time was Wallman an employee of Richter, Wieneke, or Warwolf in relation to the filming of Last Stop, and at no time did Wallman ever sign an employment agreement related to Last Stop.

(14) At no time did Wallman receive any monetary compensation or payment of any kind for the work he performed for Defendants on Last Stop.

(15) Work performed by Wallman on Last Stop was all done on the weekend and/or outside of normal business hours and was not done in conjunction in any way with his normal employment.

(16) Wallman worked behind the camera and personally recorded various scenes for the Show. In doing so, Wallman made key decisions such as angle, panning, framing, focus, depth of field, placement of main subjects in relation to objects or individuals in the background, etc.

(17) Wallman owns the copyright to all the footage that he recorded and thereby fixed into a tangible medium of expression.

(18)    At various times, Wallman was also in front of the camera, and his image and likeness were recorded as an "extra" in the background of various shots.

(19)    All filming was done on data storage media provided by Defendants, and Plaintiff was not permitted to retain a copy of any of such footage.

(20)    As filming for the Show progressed, Wallman became dissatisfied with the Show and the direction that Defendants were taking it.  Wallman no longer wanted any association with Richter, Wieneke, Warwolf, or the Last Stop.

(21)    Wallman explicitly told Wieneke and Warwolf in July 2022 (via text message) and January 2023 (via letter) that they were not allowed to use the scenes that he personally filmed and that they were not allowed to use his likeness.  That message was relayed to Defendants in writing, to the best of Wallman's knowledge, prior to the final editing or production of Last Stop.

(22)    Upon leaving the project, Wallman was not provided with the original materials that he had created through his artistic decisions and for which he owns the common law copyright.

(23)    Wallman became aware in approximately February 2025 that Defendants had proceeded to use footage filmed by Wallman in its production of Last Stop, and that Wallman's footage was going to be used in the Show displayed at public showings in February 2025 and would be part of an anticipated DVD/BluRay release of the Show after that.

(24)    Wallman became aware in approximately February 2025 that Defendant had proceeded to use footage which may contain Wallman's likeness in its production of Last Stop, and that the same was going likely to be released at public showings in February 2025, followed by an anticipated DVD/BluRay release after that.

(25)    As soon as Plaintiff became aware of the unauthorized use by Defendants, Plaintiff's counsel sent a cease-and-desist letter to Defendants and an individual believed to be Defendants' counsel on or about February 12, 2025.

(26)    Several scenes (or portions thereof) which were personally filmed by Wallman were used by Defendants in the preview/promotional materials used and distributed by Defendants to create interest in or advertise the Last Stop, its showings, and sales.

(27)    All the described use by Defendants was done without Wallman's authorization or approval, and after Wallman had explicitly revoked any prior authorization that Defendants may allege they received.

(28)    Defendants sold tickets to at least two separate public showings of the Last Stop, for which patrons paid money, and also at a convention where both Richter and Wieneke were listed as "creators".

(29)    It is believed that Defendants have or will release the Last Stop on DVD or BluRay, for purchase by the public.

## CAUSE OF ACTION I:
## Copyright Infringement
## (all defendants)

(30)    Plaintiff hereby repeats, re-alleges, and incorporates the allegations in all preceding paragraphs, as if fully set forth herein.

(31)    Defendants have access to the original work created by Wallman, as it was created on data storage media provided by and retained by Defendants.

(32)    Defendants were aware that Wallman created such original videographic works, as Defendants allowed Wallman to use Defendants' equipment, and had witnessed at least a portion of the work Wallman created.  Defendants allowed Wallman to make the

critical decisions regarding angle, panning, framing, focus, depth of field, placement of main subjects in relation to objects or individuals in the background, etc.

(33) Defendants were explicitly informed, prior to use or incorporation of Wallman's videographic images, that Defendants did not have authorization to use the original works created by Wallman.

(34) Defendants used, incorporated, and publicly displayed Wallman's original works by showing them at more than one public showing for which Defendants charged patrons admission.

(35) Defendants used, incorporated, and publicly displayed Wallman's original works by releasing (or planning to release) such footage on DVD and/or BluRay for sale to the public.

(36) The infringing use of Defendants includes the exact, verbatim use of the images and video created by Wallman, and constitutes unauthorized use of the subject scenes (or portions thereof) filmed by Wallman.

(37) Defendants infringed upon the copyright held by Wallman in those videographic images by publishing and displaying the infringing images to the public without authorization or consent.

(38) As a direct and proximate result of Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

(39) As a direct and proximate result of Defendants' acts of infringement, Defendants have obtained profits that they would not have otherwise realized but for their infringement of Wallman's rights in the subject videographic images. As such, Wallman is entitled to disgorgement of Defendants' profits directly and indirectly attributable to

Defendants' infringement of its rights in those videographic images, in an amount to be established at trial.

(40)   Such infringing use of the videographic images by Defendants was willful, intentional, and malicious, in that the use of the same was done after Wallman explicitly informed Defendants that they did not have authorization to use the same for any purpose. Therefore, Defendants are subject to liability for statutory damages under 17 U.S.C. § 504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per incident of infringement.  Within the time permitted by law, Wallman will make his election between actual damages and statutory damages

### CAUSE OF ACTION II:
### Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202)
### (all defendants)

(41)   Plaintiff hereby repeats, re-alleges, and incorporates the allegations in all preceding paragraphs, as if fully set forth herein.

(42)   The videographic images created by Wallman and used by Defendants without authorization bear no indication of the author of the same and were integrated into a larger work so as to conceal the author of the particular videographic images.

(43)   Wallman receives no credit or mention in the larger work for the videographic images produced and created by Wallman.

(44)   Defendants have violated 17 U.S.C. § 1202 by intentionally distributing and/or publicly displaying or performing work containing videographic images which were created by Wallman, for which Wallman owns the rights under copyright law, where copyright management information (as defined in 17 U.S.C. § 1202(c)) has been removed without

Wallman's authorization, while knowing that the same will conceal an infringement of the same.

(45)   Said conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants to additional and enhanced common law and statutory damages and penalties pursuant to 17 U.S.C. § 1203 and other applicable law.

(46)   The conduct by Defendants is willful, reckless, and/or with knowledge, in that Wallman informed Defendants prior to Defendants' use of said videographic images that they was not authorized to use them, and Wallman seeks enhanced damage and penalties.

## CAUSE OF ACTION III:
## Unauthorized Use of Likeness
## (all defendants)

(47)   Plaintiff hereby repeats, re-alleges, and incorporates the allegations in all preceding paragraphs, as if fully set forth herein.

(48)   As explained hereinabove, it is believed that Defendants have used Wallman's likeness without his consent in order to get gain through the sale, display, or performance of the Last Stop containing Wallman's likeness.

(49)   Said use was without Wallman's consent, and after Wallman expressly informed Defendants that they lacked consent and/or that any perceived consent had been withdrawn.

(50)   It is believed that Defendants have profited, and will continue to profit, from the unauthorized use of Wallman's likeness as part of the Last Stop for commercial purposes.

(51)   There is no reasonable relationship between Defendants' unauthorized use of Wallman's likeness and any matter of legitimate public interest.

(52)　Such commercial use of Wallman's likeness without authorization is in violation of SDCL § 21-64 and the common law.

(53)　As a direct and proximate result of Defendants' unauthorized use and misappropriation of Wallman's likeness for commercial use, Wallman has suffered and will suffer general and special damages in an amount to be established at trial and/or in accordance with the remedies allowed by SDCL § 21-64-5.

(54)　As the unauthorized use of Wallman's likeness was done knowingly, willfully, and intentionally (as Defendants were explicitly informed that they did not have authorization prior to use), Defendants are liable for treble damages or punitive damages under SDCL § 21-64-5(4).  Plaintiff will elect the damages sought at the appropriate time.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment and relief in Plaintiff's favor, against Defendants, as follows:

A)　That Defendants, as well as his employees, agents, or anyone acting in concert with him, be enjoined from infringing Plaintiff's copyright in the subject videographic images, including, without limitation, an order requiring Defendants to remove said videographic images from all copies or versions of the Last Stop;

B)　That Plaintiffs be awarded al profits of Defendants, plus all losses of Plaintiffs, plus any monetary advantage gained by Defendant through his infringement, the exact sum to be proven at trial;

C)　Statutory damages as available under 17 USC § 504, 17 USC § 1203, and other applicable law;

D) Compensatory damages for Defendants' unauthorized use of Plaintiff's likeness in an amount to be proven at trial or in accordance with SDCL § 21-64-5;

E) Punitive damages in an amount sufficient to punish Defendants for the unauthorized use of Wallman's likeness;

F) Plaintiff's reasonable attorney fees and costs as available under 17 USC § 101 *et seq*.

G) Statutory damages and/or penalties as provided by applicable statute;

H) Pre-judgment interest as allowed by law;

I) Post-judgment interest at the statutory or permitted rate;

J) Costs of this action; and

K) Further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable in the above captioned lawsuit, pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

DATED this 6th day of March, 2025.

    Respectfully submitted,

    **CADE WALLMAN**, Plaintiff,

BY:   */s/ William J. Hale*
    WILLIAM J. HALE, SDBN: 5406
    Goosmann Law Firm, PLC
    2101 W 69th Street, Suite 200
    Sioux Falls, SD 57108
    Phone: (605) 371-2000
    Email: HaleW@GoosmannLaw.com
    *Attorneys for Plaintiff*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CADE WALLMAN

### DEFENDANTS
DOMINIC WIENEKE d/b/a Warwolf Productions; ZEKE RICHTER

**(b)** County of Residence of First Listed Plaintiff: **Minnehaha County, SD**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William J. Hale, Goosmann Law Firm, 2101 W 69th Street, Suite 200, Sioux Falls, SD 57108, (605)371-2000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [x] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 USC 101, et seq

Brief description of cause:
Copyright infringement case

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** To Be Determined

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 3/6/2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ William J. Hale

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____