UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| CADE WALLMAN,<br><br>Plaintiff,<br><br>vs.<br><br>DOMINIC WIENEKE, d/b/a WARWOLF PRODUCTIONS, and EZEKIEL RICHTER<br><br>Defendant(s). | Civil Case No.: 4:25 cv-4036-KES<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND ACCOMPANYING BRIEF** |

COMES NOW the Plaintiff, Cade Wallman ("Wallman"), by and through his attorneys for record, and hereby files this brief in opposition to the Motion to Dismiss (Dkt. 6), filed by Defendants Dominic Dominic Wieneke d/b/a Warwolf Productions ("Wieneke" or "Warwolf"), and Ezekiel[1] Richter ("Richter").

## **Introduction**

Defendants cannot be allowed to evade a civil lawsuit for copyright infringement simply by holding hostage the very materials that Plaintiff would need in order to register the copyright in the work at issue. The Defendants' motion calls for the Complaint to be dismissed because they claim that the pleading standards have not been met based on a failure to comply with the registration requirement for copyright infringement. What Defendants try to gloss over is that these issues stem directly from the *Defendants own actions* in refusing to provide the video footage and works shot by the Plaintiff (even after

---

[1] In the original caption, Defendant Ezekiel Richter was referred to as "Zeke Richter". That has now been corrected, due to Defendant Richter's clarification that his name is actually "Ezekiel Richter."

1

they were requested), making it impossible for Plaintiff to take the necessary steps to register the copyright. However, the pleading standards and the allegations stated in the Complaint are sufficient to state a claim showing the Plaintiff is entitled to relief. This Court should allow the case to proceed or, in the alternative, order that Defendants turn over the requested material at issue prior to any dismissal, so that Plaintiff can register the same and then return and proceed accordingly.

## Legal Standard

*Ashcroft v. Iqbal* established that the pleading standards are equally applicable to all cases and controversies brought within the United States Federal Courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Further, to survive a Motion to Dismiss the Plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* Courts must accept all the factual allegations as true, but the complaint must still state a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## Argument

The Plaintiff has filed a well pleaded Complaint that is sufficient under the pleading standards of Federal Rule of Civil Procedure 8(a) and the requirements of *Ashcroft*. It would be improper to dismiss this matter under Rule 12(b)(6) while the satisfaction of the requirement is completely reliant on Defendants to turn over Plaintiff's property. Further, Plaintiff demanded first in July of 2022 and multiple times after that Defendants were not allowed to use his footage in any preview/promotional materials or for the show itself. (See Dkt. 1, ¶ 21-25).

Ownership or protection of a copyright is separate from registration. As set out by statute, "[c]opyright protection subsists, in accordance with this title, in original works of

authorship fixed in any tangible medium of expression." 17 U.S.C. § 102 (a). The protections afforded by the copyright act "subsists from its creation", not from the time it is registered. 17 U.S.C. § 302(a); *see also Eldred v. Ashcroft*, 537 U.S. 186, 195 (2003). The copyright act further explains that registration is "permissive", and that "during the subsistence of any copyright secured on or after [January 1, 1978], the owner of copyright or of any exclusive right in the work ***may*** obtain registration of the copyright claim." 17 U.S.C. § 408(a). Note that the description in that statute indicates that the registration is optional ("may") and occurs "during the subsistence of any copyright secured…"; meaning after the copyright protections have already attached and prior to any registration. Further, the statute itself makes clear that "[s]uch registration is ***not*** a condition of copyright protection." *Id*. (emphasis added).

Registration of a copyright requires "delivering to the Copyright Office the deposit specified by this section." *Id*. The "deposit specified by this section" (*Id*.) needed for registration of a copyright specifically requires that the following be provided to the Copyright Office: "(2) in the case of a published work, two complete copies or phonorecords of the best edition; … (4) in the case of a contribution to a collective work, one complete copy or phonorecord of the best edition of the collective work." 17 U.S.C. § 408(b).

"It is a settled and invariable principle, that every right, when withheld, must have a remedy, and every injury its proper redress." *Marbury v. Madison*, 5 U.S. 137, 147 (1803). In the case at bar, it is clear that Plaintiff would be entitled to copyright protection (whether he has registered it or not) in any original work of authorship that he created. The only thing preventing Plaintiff Wallman from registering the copyright in the work that is the

subject of this lawsuit is the action of Defendants themselves. If the Court allows the Defendants to continue to hold the footage at issue hostage, thereby preventing registration by Plaintiff, then it would in all reality be denying Plaintiff of the copyright protections he is entitled to and be denying him proper redress. To ask a rhetorical question at the heart of this matter – what good would the statutes be which say copyright protection is available without registration if Plaintiff is completely unable to enforce those protections? Dismissing this case would deny Plaintiff Wallman the power of the discovery rules to obtain the very materials that he needs in order to comply with the requirements of registration.

The situation at hand in this case, and the requirement of registration being pushed by Defendants despite their own obstruction to said registration, is not entirely unlike the heightened pleading standard in fraud cases when specific evidence of the fraud is in the hands of the defendant.

"The special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001). In the *Abels* case, there was a question about whether the plaintiff had sufficiently pled the specifics related to communications that had taken place. *Id.*, generally. In that case, the Eighth Circuit indicated that "the plaintiffs are surely correct that a court cannot reasonably expect highly specific allegations before allowing at least a brief discovery period. **The facts that would have to be alleged are known to the defendants, but the plaintiffs have not yet had a chance to find them out.**" *Id.* at 921 (emphasis added). "We think it only fair to give them that benefit [of discovery] before requiring them to plead facts that remain within the defendant's private knowledge." *Id.*

4

Defendants' motion to dismiss is reliant (at least in part) on the fact that the copyright has not been registered for the footage and therefore that requirement is missing from Plaintiff's Complaint. However, Defendants are also aware that the Plaintiff has demanded his footage, and they have continuously refused to give it to him.

While ignoring the Plaintiff's multiple previous communications stating the Defendants were not allowed to use Plaintiff's footage in any promotional materials or the show, it is not surprising that the Defendants continue to refuse to return the Plaintiff's work. If the work is returned to Plaintiff, the Plaintiff undoubtedly would have the ability and desire to obtain the copyright registration and rightfully pursue his claim against the Defendants for intentionally and maliciously ignoring his demands and using his artistic works for their own profit. This very motion to dismiss is simply further action by Defendants to try and prevent Plaintiff from seeking enforcement of his valid rights by holding the subject footage hostage.

In this very matter, Plaintiff has already sent Defendants some Requests for Production of the footage, as allowed under Fed. R. Civ. P. 26(d)(2) and Rule 34, to obtain the footage. The last of the two Defendants was served on March 10, 2025 (Dkt. 4 & 5), meaning that under Fed. R. Civ. P. 26(d)(2) the earliest that Plaintiff could serve Requests for Production of Documents (under Rule 34) was March 31, 2025. Plaintiff served the discovery requests, seeking the footage at issue, on Defendants on April 2, 2025. If this case were to be dismissed before Plaintiff is entitled to receive the responsive documents from Defendants in discovery, it would simply further and encourage the Defendants' obstructionist actions.

If Defendants' Motion to Dismiss were to be granted prior to discovery, Plaintiff would be left with no reasonable way to pursue his rightful claim for relief. The legal right to copyright protection granted by the statutes would be left without a remedy. Federal Rule of Civil Procedure 27 allows for pre-complaint *depositions* to be taken in certain circumstances, however, there is no obligation to produce documents or materials that would be necessary to bring a claim prior to the establishment of a lawsuit.

Essentially, the Plaintiff has shown that he has a plausible claim under Rule 8(a) and is not able to pursue it because of the bad actions of the Defendants. In no other area of civil litigation is a plaintiff required to obtain the necessary evidence *prior to* filing suit, and in all other contexts a plaintiff can simply allege the existence of a right and harm, and then pursue discovery to obtain the very evidence needed from the opposing party.

As a matter of justice and the right to pursue his claim, Plaintiff requests this Court deny the motion to dismiss and/or, in the alternative, to Order Defendants to produce Plaintiff's work so that he may register his copyright and be entitled to protection of the rights that already attach upon the simply creation of the copyrightable work.

## **Conclusion**

Mr. Wallman deserves a right to properly adjudicate his plausible claim that he has sufficiently pleaded within the Complaint. If the Court were to dismiss this matter, the Defendants would be rewarded for their obstructionist actions that would not be tolerated if this were a discovery dispute further into the matter. The motion to dismiss should therefore be dismissed and the case allowed to proceed. As a matter of justice, if this Court were inclined to dismiss the Complaint, the Plaintiff prays that the Court first order the

Defendants to produce the Plaintiff's footage so he may then properly register the copyright and then bring forth a Complaint and exercise his right to relief.

Dated this 15th day of April 2025.

                              Respectfully submitted,

                              **CADE WALLMAN,** Plaintiff,

BY:    */s/ William J. Hale*
           WILLIAM J. HALE, SD 5406
           Goosmann Law Firm, PLC
           410 5th Street
           Sioux City, IA 51101
           Phone: (712) 226-4000
           Email: HaleW@GoosmannLaw.com
           *Attorney for Plaintiff*