UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | |
|---|---|
| CADE WALLMAN | No. 25-cv-4036 |
| Plaintiff, | |
| v. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| DOMINIC WIENEKE d/b/a WARWOLF PRODUCTIONS and ZEKE RICHTER | |
| Defendants. | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

The Defendants, Sioux Falls-area video producers and amateur filmmakers Dominic Wieneke and Ezekiel "Zeke" Richter, have moved to dismiss each of the claims levied against them by the Plaintiff, Cade Wallman. In opposing Wieneke and Richter's motion, Wallman makes a single argument: Because he does not possess a copy of the footage over which he now claims copyright protection (a prerequisite to registration under the Copyright Act), he should be excused from the statutory requirement that "no civil action for infringement" be instituted until "registration of the copyright claim has been made in accordance with [the Act]." 17 U.S.C. § 411(a). In simple terms, Wallman invites this Court to graft an atextual exception onto the plain text of § 411(a). And he does so without identifying a single authority supporting such a radical maneuver. This Court should decline the invitation. Instead, because Wallman failed to plead an essential element of copyright infringement, and because he has not challenged Wieneke and Richter's bases for dismissal of his other claims, his case should be dismissed.

## Argument

**a. Wallman does not challenge the basis for dismissal of either his claim under the Digital Millenium Copyright Act or his state-law right-of-publicity claim.**

At the outset, it is important to review what Wallman does not dispute. First, Wallman spills no ink defending his claim under the Digital Millenium Copyright Act (the "*Millenium Act*"). Nor could he have mounted any such defense: The Millennium Act triggers liability on the removal or alteration of "copyright management information." 17 U.S.C. § 1202(b). By its terms, it does not create an affirmative obligation to *affix* copyright management information that does not otherwise appear. Wallman has not alleged that he (or anyone else) created and attached to "his" portion of the "Last Stop" footage any information identifying him as the copyright holder. To the contrary, his allegations foreclose that possibility as a factual matter, as he has admitted he never possessed the subject footage. And if something never existed in the first place, it cannot be "altered" or "removed" for purposes of § 1202(b). *See Merideth v. Chi. Tribune Co.*, No. 12-7961, 2014 WL 87518, at *3 (N.D. Ill. Jan. 9, 2014).

Second, Wallman does not argue that if his federal claims fail, he would somehow still be entitled to pursue the remaining state-law claim in this forum. Rightly so: With no federal claim left to adjudicate, this Court has discretion to decline to exercise continuing supplemental jurisdiction over any remaining state-law claim, 28 U.S.C. § 1367(c)(3), and, in cases like this one, the "normal practice" is for the federal court to decline to exercise that jurisdiction and "let the state courts decide the matter." *See Marianist Province v City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019); *Starkey v. Amber Enters.*, 987 F.3d 758, 766 (8th Cir. 2021). For the reasons outlined in Wieneke and Richter's opening brief, all the factors to be considered— "judicial economy, convenience, fairness, and comity"—support that result in this case. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). (*See* Doc. 7, at 10-12.)

With respect to Wallman's latter two claims, therefore, the Court can stop the analysis there. "A party's failure to oppose specific arguments in a motion to dismiss results in waiver of those issues." *Boles v. Noll*, No. 19-00525, 2019 WL 13280213, at *3 (W.D. Mo. Dec. 4, 2019); *Tate v. Scheidt*, No. 15-03115, 2016 WL 7155806, at *6 (D. Minn. Oct. 7, 2016); *cf. Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) (same, in the context of a motion for summary judgment). Once confronted with a motion to dismiss, it was incumbent on Wallman to "proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995). He declined to make any argument to that end, and "[t]he federal courts will not invent legal arguments for [him]." *Id.*

   b. **Wallman has not pleaded a plausible claim for copyright infringement, as he has not pleaded registration of his supposed copyright as required by the Act, and the Act does not create an exception for circumstances where a plaintiff does not possess a copy of the material he wishes to register.**

That leaves only one claim to address. Wallman continues to defend his lead claim, in which he asserts that Wieneke and Richter committed copyright infringement when they allegedly "used, incorporated, and publicly displayed" footage filmed by Wallman in their production of "Last Stop." (*See* Doc.1, ¶¶ 16-17, 23, 26-27, 34-36.) But with respect to this claim, too, Wallman makes a dispositive concession: He has not registered his supposed copyright in the footage. (*See, e.g.*, Doc. 9, at 6 (asking the Court not to dismiss the case "so that he *may* register his copyright") (emphasis added); *see also* Doc. 7-1 (screenshot from the Copyright Office's public catalog, showing no registration).) That concession dooms Wallman's claim. The Copyright Act (the "*Act*") provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a). In other words, "[a] valid copyright

3
4908-4288-5947, v. 1

registration is required to bring a copyright infringement claim." *Philpot v. Indep. J. Rev.*, 92 F.4th 252, 263 (4th Cir. 2024); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010).

Wallman tacitly accepts that principle, as he must. But he nevertheless insists that, "[a]s a matter of justice," the Court should adopt an exception to the rule outlined in § 411(a), and permit infringement suits to proceed in cases in which the supposedly copyrighted work is in the hands of the defendants, rather than the plaintiff. (*See* Doc. 9, at 4-6.) He points out that, generally, the Act requires one to deposit with the Copyright Office at least one copy of the copyrighted work as a prerequisite to registration. *See* 17 U.S.C. § 408(b). He then suggests that by permitting Wieneke and Richter to "hold the footage at issue hostage" and prevent him from making the required deposit with the Copyright Office, this Court would "in all reality" deny Wallman the copyright protections to which he claims to be entitled. (Doc. 9, at 3-4.) Without citing any even-close-to-on-point authority for the proposition, Wallman posits that this state of affairs must mean that he has pleaded a plausible claim for copyright infringement. (*Id.* at 7.)

He is wrong. Wallman has proffered no legal basis on which this Court can disregard Congress's legislative framework. A court's task "is to apply the statute as it is written," regardless of whether it thinks "some other approach might accor[d] with good policy." *Burrage v. United States*, 571 U.S. 204, 218 (2014) (internal quotation omitted) (alteration in the original). Section 411(a)'s dictate is unambiguous: Subject to certain exceptions (that no one suggests are implicated here), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with [the Act]." 28 U.S.C. § 411(a). Similarly unambiguous is the consequence of that dictate for Wallman's lawsuit. This case is a "civil action" for copyright infringement. (*See* Doc. 1, ¶¶ 30-40.) The copyright Wallman claims is in a "United States

4

work." *See* 17 U.S.C. § 101. And he has neither registered nor preregistered that hypothetical copyright. The result is that Wallman has failed to satisfy the condition precedent established by § 411(a) and is precluded from "filing an infringement claim and invoking the Act's remedial provisions." *Muchnick*, 559 U.S. at 158. (*See* Doc. 7, at 6 (collecting dismissals on that basis).)

To avoid dismissal, Wallman insists that the Court should recognize an exception for cases in which the plaintiff does not possess a copy of the copyrighted work and the defendants have declined to give him one. (*See* Doc. 9, at 4-6.) Of course, Congress knows full well how to write exceptions into statutory language. Indeed, § 411(a) itself includes some carveouts: It provides, for example, that certain claims under the Visual Artists Rights Act must be permitted to proceed, even if classified as "civil actions" for copyright infringement. *See* 17 U.S.C. § 411(a) (excepting claims brought to enforce the rights outlined in 17 U.S.C. § 106A). What does not appear in the text is the exception for which Wallman advocates. This Court cannot create that exception for him. Consistent with its obligation to apply text as written, a court has no power to "carv[e] out exceptions that Congress did not choose to make." *Hitchinson Tel. Co. v. Fronteer Dir. Co.*, 770 F.2d 128, 132 (8th Cir. 1985); *see, e.g.*, *United States v. Flute*, 929 F.3d 584, 589 (8th Cir. 2019); *Baker v. Town of Manitou*, 277 F. 232, 234 (8th Cir. 1921).

Wallman laments that, by sticking to the statutory language, this Court would leave him "without a remedy" to enforce his alleged copyright in court. (*See* Doc. 9, at 6.) But, even accepting the characterization, a plaintiff's disappointment does not justify venturing beyond express statutory language. *See United States v. Yermian*, 468 U.S. 63, 74-75 (1984); *see also Coles v. Wonder*, 283 F.3d 798, 801-02 (6th Cir. 2002) (holding that a plaintiff could not prevail on his infringement claim because he did not deposit a copy of an original work, even as he did later deposit a reconstruction). Sections 408(b) (the deposit requirement) and 411(a) (the

5

limitation on filing civil actions) were originally enacted as part of the same comprehensive statutory scheme. *See* Pub L. No. 94-553, §§ 408, 411, 90 Stat. 2541 (1976). When Congress enacted those two provisions together, it made a judgment about the circumstances under which infringement actions would be available: Although the Act made registration optional, Congress still put enough value on a "robust federal register" that it chose to include "various statutory incentives" for registration, including § 411(a)'s bar on actions for unregistered copyrights. *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 619 (9th Cir. 2010), *abrogated on other grounds by* 586 U.S. 296 (2019). In the nearly five decades that followed, Congress has had ample opportunities to soften the registration requirement. *See Fourth Estate*, 586 U.S. at 306-07. At any time, it could have introduced an exception for circumstances in which a prospective plaintiff lacked access to its supposedly copyrighted work. It did not do so.

Congress's choice was a prudent one. By making registration a prerequisite to infringement suits, Congress incentivized artists to register their works immediately upon creation, and it minimized the risk of recurrent litigation bogged down by "factual disputes over creation dates." *Coles*, 283 F.3d at 802. It also created a barrier to dishonest actors filing suit without first providing the Copyright Office with at least *some* evidence that they are responsible for creating the work. Indeed, Congress quite reasonably could have concluded that in the mine run of cases like this one—where a plaintiff claims a copyright over a work that is, and always has been, in the possession of someone else—it is more likely than not that the claim is baseless. Congress was well within its rights to prioritize these goals over the rare case in which a copyright owner cannot bring suit because it lost access to the copyrighted material.

At bottom, whether or not one likes the impact of § 411(a), this Court is not "licensed to attempt to soften the clear import of Congress' chosen words." *United States v. Locke*, 471 U.S.

6

84, 95 (1985). Nor may it add provisions to avoid the logical consequence of those words. *Alabama v. North Carolina*, 560 U.S. 330, 352 (2010); *see also Baker*, 277 F. at 234 ("[I]t is not the province of courts to make exceptions where the Legislature has made none . . . ."). The requirement imposed by § 411(a) is unmistakable and undisputed: A plaintiff may not bring an infringement action until he has registered the copyright that is the subject of the supposed infringement. Meanwhile, Wallman has pointed to no statutory text, and identified no judicial authority, that would authorize a departure from that requirement. That is the end of this case.

**Conclusion**

None of Wallman's claims withstand careful scrutiny. Wallman has not challenged Wieneke and Richter's arguments for dismissal of his claims under the Digital Millenium Copyright Act or South Dakota state law. Nor has he offered any legally justifiable basis for why he should be excused from the requirement that he register his alleged copyright before bringing suit under the Copyright Act. For the reasons outlined above and in their opening brief, Wieneke and Richter respectfully request that the Court dismiss Wallman's case in its entirety.

Dated this 25th day of April, 2025.

WOODS, FULLER, SHULTZ & SMITH P.C.

By /s/ Tim R. Shattuck
Tim R. Shattuck
Drew A. Driesen
PO Box 5027
300 South Phillips Avenue, Suite 300
Sioux Falls, SD 57117-5027
Phone: (605) 336-3890
Fax: (605) 339-3357
Email: tim.shattuck@woodsfuller.com
Email: drew.driesen@woodsfuller.com
*Attorneys for the Defendants*

7